**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS SER-ABOR, a.k.a. Raul Medina Duran, | Nos. 08-74050 <br> 09-72949 |
| Petitioner, | Agency No. A074-364-563 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Luis Ser-Abor, a native and

citizen of Mexico, petitions pro se for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's

removal order, and denying his motions to reopen and remand. Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to remand or reopen, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review in No. 08-74050, and deny in part and dismiss in part the petition for review in No. 09-72949.

The BIA did not abuse its discretion in denying Ser-Abor's motion to remand because the motion was not supported by evidence showing prima facie eligibility for relief.  *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003).  In his opening brief, Ser-Abor fails to address, and therefore has waived any challenge to, the agency's denial of his cancellation of removal application.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

The BIA did not abuse its discretion in denying Ser-Abors' March 5, 2009, motion to reopen as untimely where Ser-Abor filed the motion more than ninety days after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and failed to submit new and material evidence of changed country conditions in Mexico that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

09-72949

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). If we had jurisdiction to review the BIA's decision, we would find no abuse of discretion.

**In No. 08-74050: PETITION FOR DENIED.**

**In No. 09-72949: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**